Colleen T. BOLAND, Appellant,

` v.

Robert BLAKEY, Chief Counsel & Staff Director, Select Committee on Assassinations, et al.

No. 80–1085.

United States Court of Appeals, District of Columbia Circuit.

Argued April 14, 1981.

Decided May 12, 1981.

Edward H. Rubenstone, with whom Richard A. Sprague, Philadelphia, Pa., and Joseph Rauh, Jr., Washington, D. C., were on the brief, for appellant.

R. Dennis Osterman, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and William H. Briggs, Jr., Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

Before TAMM and WALD, Circuit Judges, and HOWARD T. MARKEY,* Chief Judge, United States Court of Customs and Patent Appeals.

Opinion PER CURIAM.

PER CURIAM:

On August 18, 1977, appellant Colleen Boland was summarily dismissed from her job as an investigative researcher for the House of Representatives Select Committee on Assassinations, a position she held for nine months. Boland subsequently filed suit in the District Court for the District of Columbia against Robert Blakey, Chief Counsel and Staff Director of the Committee, the members of the Committee, and the Committee itself, claiming violation of her liberty and property interests protected by the fifth amendment. United States District Judge Charles R. Richey granted the defendants' Motion to Dismiss on December 19, 1979, holding that Boland's complaint failed to state an interest protected by the Constitution. Boland filed a timely notice of appeal.

* Sitting by designation pursuant to 28 U.S.C. § 293(a) (1976).

Plaintiff does not appeal the ruling by the district court that she failed to possess a constitutionally protected property interest in her non-tenured position as an investigative researcher. She contends, however, that the district court erred in holding that her complaint failed to allege a liberty interest under the fifth amendment. Appellant argues that she possessed a constitutional right to be informed of the reason or reasons for her dismissal and that the failure of the Committee so to inform her constituted a "stigma" foreclosing employment opportunities, and violated the fifth amendment. Brief for Appellant at 10, 12.

 It is undisputed that appellant's abrupt termination from her researcher position disadvantaged her in her search for future employment. As prior decisions in this area make clear, however, a constitutionally cognizable stigma arises only when a foreclosure of employment opportunity has resulted from the disclosure of derogatory information by the public agency in question. *See Board of Regents v. Roth,* 408 U.S. 564, 574 n.13, 92 S.Ct. 2701, 2707 n.13, 33 L.Ed.2d 548 (1972); *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); *Codd v. Velger,* 429 U.S. 624, 628, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977) (per curiam). *See generally Mazaleski v. Treusdell,* 562 F.2d 701, 712–15 (D.C.Cir.1977). Appellant can cite no authority holding that a dismissal without explanation *to anyone*[1] infringes a liberty interest protected by the fifth amendment. We must, therefore, agree with the district court's succinct observation: "Silence alone does not provide the basis for an injury to professional reputation which is constitutional in dimension." *Boland v. Blakey,* No. 78–1921, slip op. at 3 (D.D.C., filed Dec. 19, 1979), Appendix at 14.

 Although we may question the wisdom of the policy, if any, behind this lack of explanation for appellant's dismissal, this court "is not the appropriate forum in which to review the multitude of personnel decisions that are made daily by public agencies." *Bishop v. Wood,* 426 U.S. at 349, 96 S.Ct. at 2079, quoted in *Mazaleski v. Treusdell,* 562 F.2d at 722. Such review can be predicated only upon the basis of an alleged infringement of a protected property or liberty interest. Appellant has failed to allege the disclosure of derogatory information by the Committee necessary for this court to find infringement of a protected liberty interest. The district court therefore correctly dismissed plaintiff's complaint.

*Affirmed.*

---

1. Plaintiff makes no claim that the Committee provides an explanation to employers interested in hiring her that remains hidden only from her.